1  JOSHUA S. GOODMAN - State Bar #116576
   RUTA PASKEVICIUS - State Bar #127784
2  GOODMAN NEUMAN HAMILTON LLP
   One Post Street, Suite 2100
3  San Francisco, California 94104
   Telephone:   (415) 705-0400
4  Facsimile:   (415) 705-0411
   E-Mail:      jgoodman@gnhllp.com / rpaskevicius@gnhllp.com
5
   Attorneys for Defendant
6  HOME DEPOT U.S.A., INC.

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 BENNY VALDEZ,                          Case No.

12                          Plaintiff,    **NOTICE OF REMOVAL OF ACTION
                                          UNDER 28 U.S.C. §§ 1441 AND 1446(b)**
13 vs.                                    **BASED ON DIVERSITY OF
                                          CITIZENSHIP UNDER 28 U.S.C. § 1332**
14 HOME DEPOT U.S.A., INC.; and
   DOES 1 to 25,                          **JURY TRIAL DEMANDED**
15
                           Defendants.
16

17      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

18      PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc. (hereinafter

19 "HOME DEPOT"), by and through its counsel, hereby removes the above-captioned

20 action from the Superior Court of the State of California, in and for the County of San

21 Mateo, to the United States District Court, Northern District of California, for the reasons

22 described below:

23      1.      HOME DEPOT is a named Defendant in a civil action pending against it in

24 the San Mateo County Superior Court, entitled *Benny Valdez v. Home Depot U.S.A., Inc.,*

25 *et al.*, Case No. 21-CIV-05204.

26      2.      Plaintiff filed his Complaint against HOME DEPOT on September 23,

27 2021. HOME DEPOT was served with Plaintiff's Complaint on September 30, 2021 (see

28 **Exhibit A**).  HOME DEPOT filed an Answer on January 24, 2022 (see **Exhibit B**).

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

3.     Venue is proper in this Court because the boundaries of the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 84(b) include Contra Costa County.

4.     Following the filing of this Notice of Removal of Action, written notice of this filing will be served on counsel for Plaintiff and will be filed with the Clerk of the Superior Court of California for the County of San Mateo in accordance with 28 U.S.C. § 1446(d).

## JURISDICTION

5.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.  This case may be removed to this Court by HOME DEPOT pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446 in that it is a case that could have been commenced in federal court based on diversity of citizenship.

6.     Diversity jurisdiction applies for the following reasons:

a.     Plaintiff is a resident of the State of California.

b.     Both at the time that this action was commenced and at this time, Defendant HOME DEPOT was incorporated in Delaware and has its principal place of business in Georgia.  HOME DEPOT's corporate offices are located in Atlanta, Georgia, where its finance, accounting, purchasing, treasury, marketing, training, human resources, information systems, internal audit, and legal departments are located, making policy decisions that affect the entire company.  "'[P]rincipal place of business' refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities… i.e., the 'nerve center.'" (*Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (U.S., 2010).)  "For purposes of removal… the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. §1441(a).)

c.     Plaintiff claims personal injury due to an incident at a Home Depot store on October 12, 2019. Plaintiff's responses to Home Depot's written discovery, served on February 23, 2022, enumerated the following alleged injuries: Plaintiff suffered injuries to his head, right ear, neck, upper back, and right shoulder. Plaintiff's diagnosis

Goodman
Neuman
Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

included rotator cuff tendinosis, anterior inferior labral tear of the shoulder, severe degenerative changes at the acromioclavicular joint and impingement syndrome of shoulder. He was diagnosed with an acute concussion and suffers from hearing loss and tinnitus. He also experienced blurry vision for a period of time. He has been diagnosed with post-concussion syndrome and post-traumatic stress disorder. Future treatment: Plaintiff has been advised that he will need continuing treatment/counseling for Post-Traumatic Stress Disorder and/or post concussive syndrome. Plaintiff has been advised he needs a hearing aid for Plaintiff's hearing loss. Plaintiff is also returning for treatment of his shoulder which may require additional injections for the pain.

In addition to his alleged personal injuries, Plaintiff enumerated lost income and lost earning capacity claims based on his work as a self-employed general contractor in his discovery responses served on February 23, 2022. He calculated that his average net income in the last three years was $79,140.33 and that he lost $43,807.33 in 2020, and a similar amount in 2021. Plaintiff also claimed that he could not return to work as a self-employed general contractor due to the incident and that he hoped to work until at least age 70, if not longer. The alleged lost income damages alone, excluding personal injury claims, exceed the $75,000 threshhold.

Where the Complaint or other writing does not disclose the amount in controversy, removal is proper where the preponderance of the evidence indicates the amount in controversy exceeds $75,000. (28 U.S.C. §1446(c)(2)(B); see also *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-404; *McPhail v. Deere & Co.* (10th Cir. 2008) 529 F.3d 947, 954-955.) A removing defendant need not prove to a legal certainty that the amount in controversy has been met; rather a defendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question. (*McPhail, supra,* at 954.)  Courts may consider factual statements in a defendant's notice of removal when assessing removal jurisdiction. (*Williams v. Best Buy Co., In.* (11th Cir. 2001) 269 F.3d 1316, 1319.)

Accordingly, the amount in controversy between the parties exceeds the

Goodman
Neuman
Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1   $75,000.00 threshold specified in 28 U.S.C. § 1332(a).

2        7.     Based on the foregoing, the matter is removable pursuant to 28 U.S.C.

3   §§ 1332 and 1446(b).

4        WHEREFORE, the undersigned requests that the action described above be

5   removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C.

6   § 1441, et seq.

7   **DEMAND FOR JURY TRIAL**

8        Defendant demands a jury trial of 8 jurors pursuant to Federal Rules of Court,

9   Rule 48.

10

11   DATED:  March 9, 2022          GOODMAN NEUMAN HAMILTON LLP

12

13

14   By: _Ruta Paskevicius_ _____
     JOSHUA S. GOODMAN

15        RUTA PASKEVICIUS
     Attorneys for Defendant

16        HOME DEPOT U.S.A., INC.

17

18

19

20

21

22

23

24

25

26

27

28

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** HOME DEPOT USA, INC.; DOES 1 TO 25
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** BENNY VALDEZ
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON   **9/23/2021**
By   **/s/ Anthony Berini**
**Deputy Clerk**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Mateo
400 County Center
Redwood City, California 94063

CASE NUMBER:
*(Número del Caso)*
21-CIV-05204

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: , Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory C. Cattermole, Esq./Law Office of Gregory C. Cattermole
477 Ninth Avenue, Suite 101, San Mateo, CA 94402-1854                           (650) 345-6811

| DATE:<br>*(Fecha)* | 9/23/2021 | Neal I. Taniguchi | Clerk, by<br>*(Secretario)* | /s/ Anthony Berini | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HOME DEPOT USA, INC.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gregory C. Cattermole, Esq.                    SBN: 99465<br>Gregory C. Cattermole, Esq./Law Office of Gregory C. Cattermole<br>477 Ninth Avenue, Suite 101<br>San Mateo, CA 94402-1854<br>TELEPHONE NO:(650) 345-6811        FAX NO. *(Optional):*(650) 345-6812<br>E-MAIL ADDRESS *(Optional):*greg@cattermolelaw.com<br>ATTORNEY FOR *(Name):*Plaintiff, Benny Valdez | **Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON    9/23/2021<br>By    **/s/ Anthony Berini**<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

STREET ADDRESS:400 County Center

MAILING ADDRESS:400 County Center

CITY AND ZIP CODE:Redwood City, 94063

BRANCH NAME:Southern Branch: Hall of Justice and Records

PLAINTIFF: BENNY VALDEZ

DEFENDANT: HOME DEPOT USA, INC.

[X] DOES 1 TO    25

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | |
|---|---|
| [ ] AMENDED *(Number):*<br>Type *(check all that apply):*<br>[ ] MOTOR VEHICLE     [ ] OTHER *(specify):*<br>[X] Property Damage      [ ] Wrongful Death<br>[X] Personal Injury       [ ] Other Damages *(specify):* | |
| Jurisdiction *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded     [ ] does not exceed $10,000<br>                    [ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CASE NUMBER:<br>21-CIV-05204 |

1. Plaintiff *(name or names):*Benny Valdez
   alleges causes of action against defendant *(name or names):* Home Depot Usa, Inc.

2. This pleading, including attachments and exhibits, consists of the following number of pages:5
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

PLD-PI-001

| SHORT TITLE: BENNY VALDEZ V. HOME DEPOT USA, INC. | CASE NUMBER:<br>21-CIV-05204 |
| --- | --- |

4. ☐ Plaintiff (name):

   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☒ except defendant (name): HOME DEPOT USA, INC.
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

   a. ☒ Doe defendants (specify Doe numbers): 1-25 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants (specify Doe numbers): 1-25 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

**PLD-PI-001**

| SHORT TITLE:  BENNY VALDEZ V. HOME DEPOT USA. INC. | CASE NUMBER:<br>21-CIV-05204 |
| --- | --- |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    a. ☐ Motor Vehicle
    b. ☒ General Negligence
    c. ☐ Intentional Tort
    d. ☐ Products Liability
    e. ☒ Premises Liability
    f. ☐ Other *(specify):*

11. Plaintiff has suffered
    a. ☒ wage loss
    b. ☒ loss of use of property
    c. ☒ hospital and medical expenses
    d. ☒ general damage
    e. ☒ property damage
    f. ☒ loss of earning capacity
    g. ☒ other damage *(specify):* Any and all economic and non-economic damages as permitted by law.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):* All paragraphs set forth herein.

Date: Sept 23, 2021

Gregory C. Cattermole, Esq.
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

**PLD-PI-001(2)**

| SHORT TITLE: BENNY VALDEZ V. HOME DEPOT USA, INC. | CASE NUMBER:<br>21-CIV-05204 |
| --- | --- |

_____FIRST_____    **CAUSE OF ACTION—General Negligence**    Page 4 _____
   (number)

ATTACHMENT TO [ X ] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: BENNY VALDEZ

    alleges that defendant *(name)*: HOME DEPOT USA, INC.

        [ X ] Does _____1_____ to _____25_____

    was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
    on *(date)*: October 12, 2019
    at *(place)*: The Home Depot, 1125 Old County Rd, San Carlos, CA 94070

    *(description of reasons for liability):*

    See Attachment to GN1

| **SHORT TITLE:** BENNY VALDEZ V. HOME DEPOT USA, INC. | **CASE NO:** 21-CIV-05204 |
|---|---|

Page:   5

## GENERAL NEGLIGENCE ATTACHMENT
## ATTACHMENT: GN-1 TO COMPLAINT

1.     At all times herein mentioned, defendants, HOME DEPOT USA, INC, and Does 1 to 25, and each of them, owned, inspected, operated, maintained, constructed, leased, rented, controlled, supervised, possessed and/or otherwise operated the Home Depot store located at 1125 Old County Road, San Carlos, CA 94070

2.     That at all times herein mentioned said defendants, and each of them, so negligently and carelessly maintained, owned, inspected, supervised, repaired, controlled, or otherwise operated and/or provided services at said store, including but not limited to the distribution of lumber from lumber racks in the lumber storage area of said store, that plaintiff was caused to suffer injury when lumber fell onto him..

3.     On or about October 12, plaintiff Benny Valdez asked Does 1-2, employees of the Defendant, for assistance in getting two large pieces of lumber from one of the elevated lumber racks at said Home Depot Store. The pieces of lumber the plaintiff wished to purchased weighed at least 30 pounds and were approximately 16 feet in length. Due to the size of the lumber the plaintiff wished to purchase, said employee of the defendant requested a second employee to assist in the removal of lumber from the lumber racks. When a second employee failed to arrive and assist in the removal of the large lumbar pieces, said employees of the defendant, negligently and carelessly asked the plaintiff to assist in the removal of the large lumber pieces from the elevated lumber racks. When plaintiff and said employee attempted to remove the first piece of lumber from the rack, a second piece of lumber fell from the rack and struck the plaintiff in the head and neck area.

4.     At all times herein, said defendants, their agents, employees and each of them, negligently and carelessly removed the large pieces of lumber without sufficient manpower or equipment.

5.     As a cause-in-fact of the misconduct of defendants, and each of them, Plaintiff Benny Valdez, was caused to be struck in the head and neck by falling lumber as defendant's employee attempted to remove the lumber from the elevated lumber storage rack.

6.     As a proximate cause of the negligence and carelessness of defendants, and each of them, and the failure to properly maintain, repair, inspect, the lumber storage racks, Plaintiff, Benny Valdez, suffered significant and permanent injuries when he was struck in the head and neck by a large piece of falling lumber.

PLD-PI-001(4)

| SHORT TITLE: BENNY VALDEZ V. HOME DEPOT USA. INC. | CASE NUMBER: |
|---|---|
| | 21-CIV-05204 |

_____SECOND_____    **CAUSE OF ACTION—Premises Liability**    Page 6 _____
    (number)

ATTACHMENT TO    [X] Complaint    [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* BENNY VALDEZ
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* October 12, 2019          plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):* See Attachment to Prem.L-5.b

Prem.L-2.    [X] **Count One—Negligence** The defendants who negligently owned, maintained, managed and
operated the described premises were *(names):* HOME DEPOT USA, INC.

     [X] Does _____1_____ to _____25_____

Prem.L-3.    [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):*

     [ ] Does _____ to _____

Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4.    [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were *(names):*

     [ ] Does _____ to _____

a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were *(names):* HOME DEPOT USA, INC.

     [X] Does _____1_____ to _____25_____

b. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[X] described in attachment Prem.L-5.b [ ] as follows *(names):*

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Page 1 of 1

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder·

| **SHORT TITLE:** **BENNY VALDEZ V. HOME DEPOT USA, INC., ET AL.** | **CASE NO:** 21-CIV-05204 |
|---|---|

Page: ___7___

## PREMISES LIABILITY ATTACHMENT
## ATTACHMENT PREM.L-5b TO COMPLAINT

1.      At all times herein mentioned, defendants, HOME DEPOT USA, INC, and Does 1 to 25, and each of them, owned, operated, managed, rented, leased, maintained, constructed, and otherwise controlled, the premises commonly referred to as 1125 Old County Road, San Carlos, CA 94070.

2.      That at all times herein mentioned said defendants, and each of them, so negligently and carelessly maintained, owned, inspected, supervised, repaired, controlled, rented, leased, or otherwise operated and/or provided services at said store, including but not limited to the lumber storage racks so as to allow a dangerous and defective condition to exist in the lumbar area of said Home Depot store, in an area that defendants, and each of them, knew or should have known that customers such as plaintiff would attempt to remove wood from the lumber storage racks which had been improperly stored.

3.      On or about October 12, 2019, plaintiff Benny Valdez asked Does 1-2, employees of the Defendant for assistance in removing two large pieces of lumber from one of the lumber racks at said Home Depot Store. Initially, the employee attempted to find another employee to help remove the large pieces of lumber which weighed at least 30 pounds each and were at least 10 feet in length. When said employee failed to identify another employee to help remove the lumber from the rack, said employee asked Plaintiff to assist in removing the lumbar from the rack. When plaintiff and employee attempted to remove the first piece of lumber from the rack, a second piece of lumber fell from the rack and struck the plaintiff in the head and neck area.

4.      That at all times herein mentioned said defendants allowed the unsafe lumber storage condition to remain in the area unattended, and without warnings to patrons, such as plaintiff.  Said condition existed for such a period of time so as to expose individuals, such as plaintiff, to an unreasonable and dangerous condition.

5.      That at all times herein mentioned said defendants, and each of them, negligently and carelessly maintained, repaired, managed, serviced, constructed, or otherwise controlled and performed work upon the premises with particular reference to the lumber storage area.

| **SHORT TITLE:**   **BENNY VALDEZ V. HOME DEPOT USA, INC., ET AL.** | **CASE NO:**   21-CIV-05204 |
|---|---|

Page:   8

## PREMISES LIABILITY ATTACHMENT
## ATTACHMENT PREM.L-5b TO COMPLAINT – cont.

6.      That at all times herein mentioned said defendants, and each of them, negligently and carelessly maintained, inspected, serviced, responded to complaints, repaired, constructed, and/or otherwise maintained the lumber storage area of the Home Depot store located at 1125 Old County Rd, San Carlos, CA 94070.

7.      That at all times herein mentioned said defendants, and each of them, knew or should have known that the lumber was improperly stored or could fall or be caused to fall from the lumber racks.

8.      As a proximate cause of the misconduct of defendants, and each of them, Plaintiff Benny Valdez, was caused to be struck in the head by falling lumber as a defendant's employee and Plaintiff attempted to remove the lumber from the lumber storage rack.

9.      As a proximate cause of the negligence and carelessness of defendants, and each of them, and the failure to properly maintain, repair, inspect, the lumber storage racks, Plaintiff, Benny Valdez suffered, suffered significant and permanent injuries when he was struck in the head and neck by a large piece of falling lumber.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gregory C. Cattermole, Esq.       SBN: 99465<br>Law Office of Gregory C. Cattermole<br>477 Ninth Avenue, Suite 101, San Mateo, CA 94402-1854<br>TELEPHONE NO.:(650) 345-6811     FAX NO.:(650) 345-6812<br>ATTORNEY FOR (Name): Plaintiff, Benny Valdez | **Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON<br>9/23/2021<br>By    /s/ Anthony Berini<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, 94063
BRANCH NAME: Southern Branch: Hall of Justice and Records

CASE NAME: VALDEZ V. HOME DEPOT USA, INC.

| CIVIL CASE COVER SHEET<br>[X] Unlimited       [ ] Limited<br>(Amount       (Amount<br>demanded       demanded is<br>exceeds $25,000)     $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>21-CIV-05204 |
|---|---|---|
| | | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: Sept 23, 2021

Gregory C. Cattermole, Esq.
(TYPE OR PRINT NAME)                          ▶ _[signature]_
                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08).
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer*
     *or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
     *domain, landlord/tenant, or*
     *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-*
     *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
     *harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1ˢᵗ Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

| FOR COURT USE ONLY |
| --- |
| **FILED** |
| **SAN MATEO COUNTY** |
| 9/23/2021 |
| **Clerk of the Superior Court** |
| /s/ Anthony Berini |
| DEPUTY CLERK |

PETITIONER/PLAINTIFF:  **BENNY VALDEZ**

RESPONDENT/DEFENDANT:  **HOME DEPOT USA, INC.; DOES 1 TO 25**

| **NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**21-CIV-05204** |
| --- | --- |

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Nancy L. Fineman in Department 4.**

**An Initial Case Management Conference is set before the Civil Commissioner, as follows:**
**DATE: 1/25/2022**
**TIME: 10:00 AM**
**LOCATION: 1050 Mission Road, South San Francisco, CA 94080**

APPEARANCES SHALL BE REMOTE ONLY.  Please visit our website at for information on remote appearances:
https://www.sanmateocourt.org/general_info/remote_appearance.php

---

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateocourt.org/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
| --- | --- | --- |
| Nancy L. Fineman | 650-261-5104 | Dept4@sanmateocourt.org |

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Initial Case Management Conference.  The date, time and department are noted above.

1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
   b) Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)).  Documents are available online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
   c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)).  Failure to do so may result in monetary sanctions or the continuance of the CMC.
   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later

Rev. November 2020

than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

---

### CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court or ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 9/23/2021

Neal I Taniguchi, Court Executive Officer/Clerk

By:  /s/ Anthony Berini
     Anthony Berini, Deputy Clerk

Notice being served on:

GREGORY C CATTERMOLE
LAW OFFICE OF GREGORY C CATTERMOLE
477 NINTH AVENUE
SUITE 101
SAN MATEO CA  94402-1854

# EXHIBIT B

1    JOSHUA S. GOODMAN - State Bar #116576
     RUTA PASKEVICIUS - State Bar #127784
2    GOODMAN NEUMAN HAMILTON LLP
     One Post Street, Suite 2100
3    San Francisco, California 94104
     Telephone:    (415) 705-0400
4    Facsimile:    (415) 705-0411
     E-Mail:       jgoodman@gnhllp.com / rpaskevicius@gnhllp.com
5
     Attorneys for Defendant
6    HOME DEPOT U.S.A., INC.

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON       1/24/2022
By       /s/ Maria Coronel
                 Deputy Clerk

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SAN MATEO

10

11   BENNY VALDEZ,                          Case No. 21-CIV-05204

12                          Plaintiff,      **DEFENDANT HOME DEPOT U.S.A.,
                                            INC.'S ANSWER TO PLAINTIFF'S**
13   vs.                                    **COMPLAINT**

14   HOME DEPOT U.S.A., INC.; and           Case Filed:  September 23, 2021
     DOES 1 to 25,                          Trial Date:   Not set
15
                            Defendants.
16

17          Defendant HOME DEPOT U.S.A., INC. (hereinafter "Defendant"), in answer to

18   the unverified Complaint of Plaintiff, denies each and every, all and singular, allegations

19   of the Complaint, and denies that Plaintiff has been injured or damaged in any of the

20   sums mentioned in the Complaint, or in any sum, or at all, as the result of any act or

21   omission of this answering Defendant.

22                          **FIRST AFFIRMATIVE DEFENSE**

23                  **Comparative Fault/Negligence of Plaintiff**

24          This answering Defendant alleges that Plaintiff was himself careless and negligent

25   in and about the matters alleged in the Complaint, and that this carelessness and

26   negligence on Plaintiff's own part contributed as a proximate cause to the happening of

27   the incident, the injuries, and loss and damage complained of, and any recovery by

28   Plaintiff should be reduced or eliminated based upon his comparative fault.

Goodman
Neuman
Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1

## SECOND AFFIRMATIVE DEFENSE

## Comparative Fault/Negligence of Others

As a separate and further affirmative defense, this answering Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by the Plaintiff were the negligence and fault of persons or entities other than this answering Defendant, for whose acts or omissions this answering Defendant is not legally or otherwise responsible.

## THIRD AFFIRMATIVE DEFENSE

## Failure to State a Cause of Action

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

## Lack of Personal Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks personal jurisdiction over Defendant.

## FIFTH AFFIRMATIVE DEFENSE

## Lack of Subject Matter Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks subject matter jurisdiction over Defendant.

## SIXTH AFFIRMATIVE DEFENSE

## Lack of Capacity

As a separate and further affirmative defense, this answering Defendant alleges that said Complaint contains a defect in the parties whereby Plaintiff or certain Plaintiffs lack capacity to sue for those claims set forth therein.

Goodman
Neuman
Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

## SEVENTH AFFIRMATIVE DEFENSE

### Misjoinder of Parties

As a separate and further affirmative defense, this answering Defendant alleges that said Complaint arises from a misjoinder of named parties whereby Plaintiff lacks the capacity to sue for those claims set forth therein. Such misjoinder will result in prejudice to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### Failure to Join Necessary Parties

As a separate and further affirmative defense, this answering Defendant alleges that said Plaintiff failed to join necessary parties whereby in the interest of justice and fairness the action cannot proceed in the absence of the parties that should have been joined.

## NINTH AFFIRMATIVE DEFENSE

### Real Parties in Interest

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff or certain Plaintiffs are not the real parties in interest, and lack standing to bring the claims set forth therein.

## TENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

As a separate and further affirmative defense, this answering Defendant alleges that at all times and places mentioned in the Complaint, Plaintiff failed to mitigate his damages. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. Any recovery by Plaintiff should be reduced or eliminated due to his failure to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### Spoliation of Evidence

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff, either intentionally or negligently, failed to preserve the primary evidence

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

relevant to this litigation, thus failing to afford this answering Defendant an opportunity to inspect such evidence, thereby severely prejudicing Defendant. Plaintiff is therefore barred from introducing secondary or lesser evidence, and any recovery should be diminished accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

### Doctrine of Laches

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff has unreasonably delayed in bringing this action to the prejudice of Defendant and this action is therefore barred by reason of the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Assumption of Risk

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff had full knowledge of all the risks, dangerousness and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of risk involved, assumed the risk of damages to himself.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Causation

As a separate and further affirmative defense, this answering Defendant alleges that its conduct was not the cause in fact or the proximate cause of any of the losses alleged by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### No Notice of Dangerous Condition

As a separate and further affirmative defense, this answering Defendant alleges that they had no notice, or inadequate notice, of any dangerous conditions that may or may not have existed at the time of the losses alleged by Plaintiff, such that any preventative measures could have been taken.

///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1

### SIXTEENTH AFFIRMATIVE DEFENSE

2

### Statute of Limitations

3       As a separate and further affirmative defense, this answering Defendant alleges

4   that the Complaint of Plaintiff is barred by the statute of limitations stated in Part 2, Title

5   2, Chapter 3, of the California Code of Civil Procedure, beginning with Section 335, and

6   continuing through Section 349.4 and, more particularly, but not limited to, Sections 337,

7   337.1, 337.15, 337.5, 338, 339, 340 and/or 343.

8

### SEVENTEENTH AFFIRMATIVE DEFENSE

9

### Workers' Compensation – Exclusive Remedy

10       As a separate and further affirmative defense, this answering Defendant alleges

11   that Plaintiff was, at all relevant times, a special employee of Defendant and acting in the

12   course and scope of that special employment, and that this action is therefore barred by

13   the exclusive remedy provisions of the Workers' Compensation Act, as contained in

14   California Labor Code sections 3600, 3601, and 3602.

15

### EIGHTEENTH AFFIRMATIVE DEFENSE

16

### Reduction of Workers' Compensation Lien

17       As a separate and further affirmative defense, this answering Defendant alleges that

18   at all times material herein, the Plaintiff was in the course and scope of his employment

19   and that Plaintiff and his employer were subject to the provisions of the Workers'

20   Compensation Act of the State of California; that certain sums have been paid to or on

21   behalf of Plaintiff herein under the applicable provisions of the Labor Code of the State of

22   California; that Plaintiff's employer and Plaintiff's co-employees were negligent and

23   careless and that such negligence and carelessness proximately contributed to and caused

24   the injuries of Plaintiff, if any; and that under the doctrine of *Witt v. Jackson* such

25   negligence and carelessness should reduce or eliminate any lien claim or claim in a

26   Complaint-In-Intervention which may be made for reimbursement of Workers'

27   Compensation benefits paid to or on behalf of Plaintiff.

28   ///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINETEENTH AFFIRMATIVE DEFENSE**

**Apportionment**

As a separate and further affirmative defense, this answering Defendant alleges that if they are found liable for any injury and damage to Plaintiff, then said liability, if any, must be limited to this answering Defendant's proportionate share of fault, if any there be, pursuant to Code of Civil Procedure Section 1431.2.

**TWENTIETH AFFIRMATIVE DEFENSE**

**Alteration**

As a separate and further affirmative defense, this answering Defendant alleges that the subject products/services/work identified in the Complaint were misused, modified, altered and/or subjected to certain treatment by Plaintiff and/or other unknown individuals or entities which substantially changed the performance, application characteristics, composition and formulation of the subject products after they left this answering Defendant's custody and control.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**Compliance with Standards**

As a separate and further affirmative defense, this answering Defendant alleges that the methods and procedures it employed in manufacturing, assembling, packaging, distributing, supplying and selling the products and/or services complied with all industry standards, federal, state and local regulations, and applicable states of the art in the industry, at all times mentioned herein.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**Reservation of Rights**

As a separate and further affirmative defense, this answering Defendant alleges that Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

2

### Estoppel

3   As a separate and further affirmative defense, this answering Defendant alleges that

4   Plaintiff has waived and/or is estopped from alleging the matters set forth in the

5   Complaint.

6

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

7

### Discharge of Duties

8   As a separate and further affirmative defense, this answering Defendant alleges

9   that, prior to the commencement of this action, this answering Defendant duly performed,

10   satisfied and discharged all of its duties and obligations arising out of any and all

11   agreements, representations or contracts made by it.

12

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

13

### Trivial Defect

14   As a separate and further affirmative defense, this answering Defendant alleges

15   that the claims asserted in the Complaint are barred by the trivial defect doctrine.

16

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

17

### Statute of Frauds

18   As a separate and further affirmative defense, this answering Defendant alleges that

19   the Complaint and each of cause of action thereof is barred by the Statute of Frauds.

20

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

21

### Waiver

22   As a separate and further affirmative defense, this answering Defendant alleges that

23   the Complaint and each of cause of action thereof, is barred by Waiver.

24

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

25

### Unclean Hands

26   As a separate and further affirmative defense, this answering Defendant alleges

27   that Plaintiff is barred from recovery by reason of his unclean hands.

28   ///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### Proposition 51

As a separate and further affirmative defense, this answering Defendant alleges that if this answering Defendant is found liable for any injury and damage to Plaintiff, then said liability for non-economic damages to Plaintiff must be limited to this answering Defendant's proportionate share of fault, if any there be, as defined by Cal. Civil Code Section 1431.2, et seq.

## THIRTIETH AFFIRMATIVE DEFENSE

### Res Judicata

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of Res Judicata.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### Collateral Estoppel

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of Collateral Estoppel.

WHEREFORE, Defendant prays:

1.     Plaintiff takes nothing against it by his Complaint;

2.     Defendant has judgment for its costs of suit; and

3.     Such other and further relief as the court deems just and proper.


DATED:  January 3, 2022                    GOODMAN NEUMAN HAMILTON LLP



By: _____
JOSHUA S. GOODMAN
RUTA PASKEVICIUS
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

# PROOF OF SERVICE

**CASE NAME:** *Valdez, Benny v. Home Depot U.S.A., Inc.*
**CASE NUMBER:** 21-CV-05204
**DATE OF SERVICE:** January 4, 2022

**DESCRIPTION OF DOCUMENTS SERVED:**

**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**SERVED ON THE FOLLOWING:**

Gregory C. Cattermole
Law Office of Gregory C. Cattermole
477 Ninth Avenue, Suite 101
San Mateo, CA 94402-1854
T: (650) 345-6811 / F: (650) 345-6812
greg@cattermolelaw.com
*Attorneys for Plaintiff*

I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Goodman Neuman Hamilton LLP, and my business address is One Post Street, Suite 2100, Floor, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by:

BY ELECTRONIC TRANSMISSION ONLY. Only by electronic submission of the document(s) to the person(s) at the email address(es) listed, pursuant to the California Judicial Council's Temporary Emergency Rule 12, Appendix I, Emergency Rules Related to COVID-19. I confirmed that the email address(es) listed above is/are correct. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission of the document(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

_____
Alesia DeCamp

Goodman
Neuman
Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

PROOF OF SERVICE