UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY VALDEZ,<br>          Plaintiff,<br>    v.<br>HOME DEPOT U.S.A., INC.,<br>          Defendant. | Case No. 22-cv-01491-DMR<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

Plaintiff Benny Valdez filed this personal injury suit in San Mateo County Superior Court against Defendant Home Depot U.S.A. and anonymous Doe defendants. [Docket 1 Ex. A ("Compl.").] Home Depot removed based on diversity jurisdiction. [Docket No. 1 ("Notice of Removal").] Valdez now moves to remand the case to state court. [Docket Nos. 10 ("Mot."), 12 ("Reply").] Defendant opposes remand. [Docket No. 11.] This matter is suitable for resolution without oral argument. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

**I.  BACKGROUND**

The following facts are alleged in the complaint, which is attached to Defendant's Notice of Removal and to its counsel declaration in support of its opposition brief. *See* Compl. at 5, 7-8; Declaration of Ruta Paskevicius ("Paskevicius Decl.") ¶ 2, Ex. 1. On October 12, 2019, Plaintiff was at a Home Depot store in San Carlos, California and asked an employee identified as Doe 1 for help in removing two large pieces of lumber from the elevated lumber racks. The pieces of lumber weighed at least 30 pounds and were approximately 16 feet in length. Because of difficulty in removing the lumber, the unnamed employee requested help from another employee. After no help arrived, the employee asked Valdez for assistance in removing the lumber pieces. When Valdez and the employee attempted to remove the first piece, a second piece of lumber fell

1  from the rack and hit Valdez in the head and neck, causing him significant and permanent injuries.

2       On September 23, 2021, Valdez filed his complaint in state court alleging negligence and
3  premises liability against Defendant and Does 1-25. Compl.; Declaration of Gregory C.
4  Cattermole ("Cattermole Decl.") ¶ 5 [Docket No. 10-1.] Defendant answered the complaint on
5  January 4, 2022. *Id.* ¶ 6. The parties then propounded written discovery. *Id.* ¶ 7. On February
6  23, 2022, Defendant served responses that identified the unnamed employee involved in the
7  incident as Jose Ramon Castillo but did not provide his address and telephone number as
8  requested in Valdez's interrogatory. *Id.* ¶ 8; *see* Cattermole Decl. Ex. B at ECF 32-33.
9  Defendant's response summarized the incident as follows: "Plaintiff caused a piece of lumber to
10 fall on Home Depot associate Jose Ramon Castillo and on himself by pulling on a piece of stuck
11 lumber on a shelf." Cattermole Decl. Ex. B. at ECF 40. Valdez served his response to
12 Defendant's interrogatories on February 23, 2022, in which he named the employee involved in
13 the incident as "Ramon." Declaration of Gregory Cattermole Supp. Reply ("Cattermole Decl. II")
14 Ex. B. at ECF 16-17 [Docket No. 12-1.]

15      On March 9, 2022, Defendant removed the case. *Id.* ¶ 10; Docket No. 1. Valdez amended
16 his complaint in state court to substitute Castillo for Doe 1 on March 15, 2022. Cattermole Decl. ¶
17 11, Ex. C. Defendant was not served with Valdez's state court amendment. Paskevicius Decl. ¶ 3.

18 **II.  LEGAL STANDARD**

19      Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that
20 originally could have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392
21 (1987). Federal courts are courts of limited jurisdiction and possess subject matter jurisdiction in
22 civil cases based only on federal question or diversity jurisdiction. *Id.*; *see* 28 U.S.C. §§ 1331,
23 1332. Diversity jurisdiction exists over "all civil actions where the matter in controversy exceeds
24 the sum or value of $75,000, exclusive of interest and costs," and there is complete diversity of
25 citizenship between the parties. 28 U.S.C. § 1332(a).

26      "The[] statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot.,*
27 *Inc. v. Henson*, 537 U.S. 28, 32 (2002). However, there is a "strong presumption against removal
28 jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 885 (9th Cir. 2006). The

1  removing defendant bears the burden of establishing by a preponderance of the evidence that
2  removal was proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d
3  1102, 1106-07 (9th Cir. 2010). "If at any time before final judgment it appears that the district
4  court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).
5  "[W]hether remand is proper must be ascertained on the basis of the pleadings at the time of
6  removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). "Where doubt
7  regarding the right to removal exists, a case should be remanded to state court." *Matheson v.*
8  *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.  DISCUSSION

The parties do not dispute that Valdez is a citizen of California and Defendant is a Delaware corporation with its principal place of business in Atlanta, Georgia, meaning that complete diversity exists between the named parties. Mot. at 5; Opp'n at 5. Nor do the parties dispute the amount in controversy. Their disagreement lies with the citizenship of the Doe defendants, and specifically Doe 1, Castillo—the employee involved in the incident. Plaintiff argues that Castillo is a California resident, which therefore defeats complete diversity and warrants remand. Defendant counters that Castillo was not named as a defendant at the time of removal and thus cannot be considered for the purposes of establishing diversity jurisdiction.

28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Congress enacted that provision as part of the Judicial Improvements and Access to Justice Act of 1988 "to address the issue of Doe defendants for purposes of diversity and remand." *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020).

According to the House of Representatives report accompanying the bill, Congress intended the provision in part to respond to the "problem that arises in a number of states that permit suits against 'Doe' defendants. The primary purpose of naming fictitious defendants is to suspend the running of the statute of limitations." H.R. Rep. No. 100-889, at 71 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6032. "The general rule has been that a joinder of Doe

defendants defeats diversity jurisdiction unless their citizenship can be established, or unless they are nominal parties whose citizenship can be disregarded even if known." *Id.* "This rule in turn creates special difficulties in defining the time for removal." *Id.* The report continues:

> Experience in the district courts in California, where Doe defendants are routinely added to state court complaints, suggests that in many cases no effort will be made to substitute real defendants for the Doe defendants, or the newly identified defendants will not destroy diversity. If the plaintiff seeks to substitute a diversity-destroying defendant after removal, the court can act as appropriate under proposed § 1447(d) to deny joinder, or to permit joinder and remand to the State court.

*Id.*

Following the 1988 amendments to the removal statute, the Ninth Circuit explained that "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction" in enacting the amendments. *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989). Later, in *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002), the Ninth Circuit said that "the citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."

Federal courts in California subsequently have diverged on whether pleading non-diverse Doe defendants divests a court of removal jurisdiction where the plaintiff initially does not know the real identity of the defendant but has pled enough facts about them to eventually identify them. On one hand, many courts have ruled that the plain language of 28 U.S.C. § 1447(d) *per se* bars consideration of a Doe defendant's citizenship for removal purposes. *See, e.g.*, *Garcia v. Walmart, Inc.*, No. 22-cv-00371-SVW-MRW, 2022 WL 796197, at *3 (N.D. Cal. Mar. 16, 2022); *Rojas by and through Rojas v. Sea World Parks & Entm't, Inc.*, 538 F. Supp. 3d 1008, 1014, 1023 (S.D. Cal. 2021).[1]

Other courts have recognized that a literal interpretation of the removal statute may not

---

[1] *See also, e.g.*, *Sanders v. Costco Wholesale Corp.*, No. 22-cv-02717-YGR-DMR (N.D. Cal. July 28, 2022) (ECF No. 19); *Munsey v. FCA US LLC*, No. 20-cv-00898-JSW, 2020 WL 12863658, at *2 (N.D. Cal. Apr. 9, 2020); *Smith v. FCA US LLC*, No. 20-cv-00911-PJH, 2020 WL 1651430, at *2-3 (N.D. Cal. Apr. 3, 2020); *Fazaei v. Macy's Inc.*, No. 20-cv-00464-RS, 2020 WL 9457055, at *2 (N.D. Cal. Mar. 16, 2020); *Phan v. Costco Wholesale Corp.*, No. 19-cv-05713-YGR, 2019 WL 6050903, at *2 (N.D. Cal. Nov. 15, 2019).

make sense where a Doe defendant is merely a placeholder for a known person who can be readily identified through discovery and the complaint's "description of Doe Defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Robinson v. Lowe's Home Ctrs., LLC*, No. 15-cv-1321-LJO-SMS, at *3 (E.D. Cal. Nov. 13, 2015) (quoting *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015)).[2] This line of decisions favors remand where the plaintiff's descriptions of the Doe defendants "provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship." *Robinson*, 2015 WL 13236883, at *3. However, "[i]f the charges against Doe Defendants are so general that no clues exist as to their identity, citizenship, or relation to the action, the Court may disregard these fictitious defendants for jurisdictional purposes." *Id.* (quoting *Gardiner Family*, 147 F. Supp. 3d at 1036). Courts applying this caselaw have remanded suits where the plaintiff provided a sufficiently specific description of the Doe defendant to suggest their citizenship or a "definite clue" about the defendant's identity—for instance "where an individual was specifically identified as performing a particular job function" or "providing specifics regarding location, dates, and particular events." *Sandoval v. Republic Servs., Inc.*, No. 18-cv-01224-ODW, 2018 WL 1989528, at *2 (C.D. Cal. Apr. 24, 2018).[3]

---

[2] *Gardiner Family* is a foundational decision in this line of caselaw. It held that a plaintiff's use of fictitious defendants is consistent with California substantive law that federal courts must apply in diversity actions in accordance with *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). *Gardiner Family*, 147 F. Supp. 3d at 1032-35. That case, however, involved an assertion of original diversity jurisdiction, which is a distinct procedural posture from its progeny dealing with removal jurisdiction.

[3] *See, e.g.*, *Metcalf v. Walmart Inc.*, No. 21-cv-1630, 2022 WL 856030, at *4 (E.D. Cal. Mar. 23, 2022) (remanding where complaint sufficiently "narrow[ed] events to a specific day and a specific store, and naming [Doe defendant] Liz as a supervisor or manager of the store"); *Johnson*, 475 F. Supp. 3d at 1080 (allegations naming as John and Jane Doe two homeless individuals who harassed plaintiff repeatedly at his workplace and whom he reported to security "demonstrate[d] that both Doe Defendants are not merely fictitious defendants; rather they are real parties known to Johnson whose liability and relation to the suit is fully alleged in the FAC"); *Sandoval*, 2018 WL 1989528, at *4 (complaint's descriptions of harassing male coworker as a "fellow employee" and member of the plaintiff's "department at the company's office in California," the "dates of her employment and all the relevant events," the "complaints filed in relation to [him] and conversations she had with supervisors regarding him, in addition to naming another employee who expressed similar issues with his behavior," and his "proper first name" altogether "far exceeds that which has been deemed sufficient to destroy diversity in other cases"); *Collins v.*

Here, the court concludes that the removal statute's plain language, legislative history, and Ninth Circuit law militate against remand at this stage while keeping the door open for potential remand at a later time. 28 U.S.C. § 1447(b)(1) obligates courts to disregard Doe defendant's citizenship at the time of removal. Congress enacted this provision in part to forestall gamesmanship to circumvent removal jurisdiction by naming fictitious defendants whom plaintiffs never intend to identify. *See Bryant*, 886 F.2d at 1528. However, Congress also expressly designed an approach for plaintiffs to substitute the real identity of Doe defendants post-removal after ascertaining their identity through discovery. 28 U.S.C. § 1447(e) authorizes that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." As the Ninth Circuit observed, the citizenship of a Doe defendant can become relevant "when the plaintiff seeks leave to substitute a named defendant." *Soliman*, 311 F.3d at 971 (citing 28 U.S.C. §§ 1441(a) *and* 1447(e)). Then, if diversity is the only basis for the court's subject matter jurisdiction, joinder of non-diverse defendants will divest the court of jurisdiction.

---

*Garfield Beach CVS, LLC*, No. CV 17-3375-FMO, 2017 WL 2734708, at *1-2 (S.D. Cal. June 26, 2017) (descriptions that Doe defendant pharmacist injured plaintiff after he "misfilled" plaintiff's prescriptions that identified the "specific store location" where the pharmacist was employed and a "particular date" when she was employed adequate to show defendant's "identity cannot reasonably be questioned," especially where "defendant knew or should have known the identity of Defendant Doe 1 because that person was employed by defendant").

On the other hand, courts applying or at least weighing this line of caselaw have denied motions to remand where the plaintiff's descriptions were too generic to identify the Doe defendants' citizenship. *See, e.g.*, *Chess v. CF Arcis IX LLC*, No. 20-cv-01625-CRB, 2020 WL 4207322, at *2 (N.D. Cal. July 22, 2020) (noting without ruling on the "split" among district courts and finding inadequate the "broad, boilerplate language" that each Doe defendant was an "'individual, corporate, associate or otherwise' that may be an 'agent, employer, partner, joint venture, alter ego, affiliate and/or co-conspirator'"); *Dedal v. Covenant Aviation Sec. LLC*, No. 19-cv-01842-JD, 2019 WL 2996389, at *2 (N.D. Cal. July 9, 2019) (claims that Doe defendants were security agents or employees not enough where plaintiff has not "made an effort" to ascertain their true identities and they did not "intend to amend the pleadings"); *Robinson*, 2015 WL 13236883, at *4 (allegations that Doe Defendants are "the agents and employees of Defendant act acted within the scope of the agency" would require "impermissible assumption and extrapolation" about their citizenship); *see also Tanious v. Gattoni*, 533 F. Supp. 3d 770, 777 (N.D. Cal. 2021) ("Nor is this case one in which the Doe defendants are described with enough specificity to render their citizenship relevant to the diversity analysis").

6

*See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

Legislative history confirms that Congress intended 28 U.S.C. § 1447(e) as a solution to allow joinder of a non-diverse Doe defendant. *See United States v. Saini*, 23 F.4th 1155, 1161 (9th Cir. 2022) (even where the statutory text is "unambiguous and our interpretation does not lead to any absurdity,[] we note that legislative history supports our interpretation"). As noted above, the House report explained in the context of section 1441(b)(1) on Doe defendants that "[i]f the plaintiff seeks to substitute a diversity-destroying defendant after removal, the court can act as appropriate under proposed § 1447[(e)] to deny joinder, or to permit joinder and remand to the State court." H.R. Rep. No. 100-889, at 71.[4]  Congress further elucidated:

> Proposed section 1447(e) is new. It takes advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. Joinder coupled with remand may be more attractive than either dismissal under civil rule 19(b) or denial of joinder. The flexibility built into the framework of rule 19(b) fully supports this approach. This provision also helps to *identify the consequences that may follow removal of a case with unidentified fictitious defendants*.

*Id.* at 72-73 (emphasis added).

In this case, although Defendant's discovery responses identified Doe 1's full name as Jose Ramon Castillo, Defendant did not provide Castillo's address, which would be relevant to ascertaining his citizenship for purposes of diversity jurisdiction. *See* Cattermole Decl. Ex. B at ECF 32-33, 40; Cattermole II Decl. Ex. B. at ECF 16-17. Valdez did not amend his complaint in state court to substitute Castillo for Doe 1 before Defendant filed its notice of removal. Accordingly, Castillo's citizenship must be disregarded, and removal was proper. *See* 28 U.S.C. § 1447(b)(1). Valdez's subsequent state court amendment is irrelevant because remand must be evaluated on the pleadings "at the time of removal." *Broadway*, 856 F.3d at 1277; *see Fazaei*, 2020 WL 9457055, at *2 (finding that "[a]ny proceedings in the state court action after the case had been removed, until and unless it is remanded, have no bearing on this analysis. "). The court cannot consider Castillo's citizenship unless and until Valdez seeks leave to substitute Castillo as

---

[4] The House report referred to "proposed" 28 U.S.C. § 1447(d), but sub-section (d) refers to appealability of remand orders. The sub-section described in the House report about joinder is section 1447(e). The initial reference to section 1447(d) may have been a typographical error.

a named defendant.[5]

## IV. CONCLUSION

For the foregoing reason, the court denies Valdez's motion to remand. The parties shall appear for an Initial Case Management Conference on September 21, 2022 at 1:30 p.m. via Zoom videoconference. A joint case management statement is due by September 14, 2022.

**IT IS SO ORDERED.**

Dated: August 25, 2022



_____
Donna M. Ryu
United States Magistrate Judge

---

[5] Because Valdez has not amended his complaint in federal court, the court does not reach the question of whether joinder of Castillo would be proper. *See* Opp'n at 6 n.6. Also, Valdez's request for attorneys' fees pursuant to 28 U.S.C. § 1447(c) is denied because there is currently no basis for remand. *See Fazaei*, 2020 WL 9457055, at *3.

8